**PHILLIPS DAYES**
LAW FIRM
*A Professional Corporation*
3101 North Central Avenue, Suite 1100
Phoenix, Arizona 85012
TREY DAYES, AZ Bar No. 020805
SEAN C. DAVIS, AZ Bar No. 030754
PRESTON K. FLOOD, AZ Bar No. 032764
seand@phillipsdayeslaw.com
(602) 288-1610 ext. 432

Attorneys for Plaintiff

### UNITED STATES DISTRICT COURT

### DISTRICT OF ARIZONA

| | |
|---|---|
| Rich Perrone;<br><br>Plaintiff,<br><br>vs.<br><br>All Star Recovery LLC, an Arizona Limited Liability Corporation; Catherine Walker an Arizona Resident.<br><br>Defendants, | Case No.: _____<br><br>**COMPLAINT** |

Plaintiff Rich Perrone, for his Complaint against Defendants, alleges as follows:

### NATURE OF THE CASE

1. The Fair Labor Standards Act is designed to eliminate "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency and general well-being of workers." 29 U.S.C. § 202(a). To achieve its goals, the FLSA sets minimum wage and overtime pay requirements for covered employers. *See* 29 U.S.C. §§ 206(a), 207(a).

2. Employers must compensate employees for all work that employers permit employees to perform. *See* 29 C.F.R. § 785.11. In such cases, it is the responsibility of employers' management to ensure that work is not performed if management does not desire for such work to be performed. *See* 29 C.F.R. § 785.13. Employers may not accept the benefits of employees performing work without compensating the employees for their work. *Id.*

3. Plaintiff brings this action against Defendants for unlawful failure to pay overtime wages in direct violation of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA").

4. Plaintiff seeks to recover unpaid overtime compensation and an equal amount of liquidated damages, including interest thereon, statutory penalties, attorneys' fees, and costs pursuant to 29 U.S.C. § 216(b).

5. Plaintiff seeks to recover unpaid wages and an award of treble damages, including interest thereon, statutory penalties, attorneys' fees and costs pursuant to A.R.S. §23-355 and inter alia A.R.S. §12-341.01.

6. Plaintiff seeks to recover unpaid wages below Arizona's minimum wage law pursuant to A.R.S. § 23-363.

7. Plaintiff seeks underpaid wages because Defendants failed to pay minimum wages. An employer who fails to pay minimum wages to an employee is liable to the employee in the amount of wages owed, interest on the unpaid wages, and as damages "an additional amount equal to twice the underpaid wages." A.R.S. § 23-364(G)..

**JURISDICTION AND VENUE**

8. This Court has jurisdiction over the subject matter and the parties hereto pursuant to 29 U.S.C. § 216(b), and 28 U.S.C. § 1331.

9. Venue is proper under 28 U.S.C. § 1391(b) because all or a substantial part of the events or omissions giving rise to this matter occurred in this District.

10. The named Defendants, by virtue of their own acts and omissions or by virtue of the acts and omissions committed by one or more of their agents, employees or representatives, as described herein, have conducted business or caused events to occur within this District, more particularly, within Maricopa County, as more particularly described herein so as to give rise to both subject matter and personal jurisdiction of this Court.

**PARTIES**

11. At all times material hereto, Plaintiff was a resident of Maricopa County, Arizona.

12. At all times material hereto, All Star Recovery LLC was an Arizona limited liability company.

13. At all times material hereto, Catherine Walker was a resident of Maricopa County, Arizona.

**FACTUAL BACKGROUND**

14. At all relevant times, Plaintiff was an employee of Defendants.

15. At all times material to this action, Defendants were and continue to be an "enterprise engaged in commerce."

16. Plaintiff engaged in commerce.

17. Plaintiff traveled across state lines.

18. On information and belief, at all relevant times, the annual gross revenue of Defendants exceeded, and continue to exceed, $500,000.00.

19. Defendants are a full service auto and asset recovery service.

20. Defendants hired Plaintiff on or about May 2016 as a repossession agent.

21. Plaintiff's job duties and responsibilities to repossess vehicles.

22. Plaintiff did not have any authority or discretion.

23. Plaintiff could not purchase anything without the approval of Defendants.

24. Defendants compensated Plaintiff as little as $100 on some weeks.

25. From the beginning of his employment, Plaintiff worked well in excess of forty (40) hours each week he worked for Defendants in order to adequately complete the weekly requirements of his position.

26. Defendants did not pay Plaintiff overtime for hours worked in excess of forty (40) from the start of his employment through the termination of his position.

27. Defendants did not withhold taxes out of Plaintiff's paycheck.

28. Defendants controlled Plaintiff's actions.

29. Defendants told Plaintiff where and when to repossess automobiles.

30. Defendants supplied the equipment to Plaintiff so he could do his job.

31. Defendants set Plaintiff's hours.

32. The major function of Defendants was the repossession of vehicles.

33. Plaintiff had no supervision or management responsibilities.

34. Plaintiff could neither hire nor fire employees.

35. Plaintiff had no authority to exercise significant independent judgment on issues that affect the whole company when carrying out his job responsibilities.

36. Defendants managed, supervised, and directed all aspects of Plaintiff's job duties and responsibilities.

37. Plaintiff's primary duty was not the performance of work directly related to the management or general business operations of Defendants.

38. Plaintiff's primary duty was not the performance of work requiring advanced knowledge in a field of science or learning that was acquired by a prolonged course of specialized intellectual instruction.

39. Plaintiff did not perform work requiring advanced knowledge.

40. Plaintiff did not perform work in a field of science or learning.

41. Plaintiff did not have an advanced degree and was not required to have one to perform the work.

42. Plaintiff's duties were carried out in a mechanical and routine manner and he had no authority to make independent decisions in performing those duties.

43. Plaintiff did not manage other employees.

44. Defendants kept Plaintiff's last pay check.

45. Plaintiff was paid nothing for his work his last pay period.

46. Plaintiff has retained the law firm of Phillips Dayes Law Firm PC to prosecute his claims against Defendants on his behalf and has agreed to pay reasonable costs and attorney's fees in the prosecution of this matter.

**COUNT ONE**
**OVERTIME VIOLATION—29 U.S.C. § 207**

47. Plaintiff incorporates and adopts the previous paragraphs above as if fully set forth herein.

48. While employed by Defendants, Plaintiff regularly worked multiple hours of overtime per week.

49. Plaintiff was a non-exempt employee.

50. The provisions set forth in 29 U.S.C. § 207 of the FLSA apply to Defendants

51. Defendants have not paid Plaintiff time and a half for hours worked over 40 in a work week.

52. As the direct and proximate result of Defendants' violations of the FLSA, Plaintiff has suffered damages by failing to receive compensation in accordance with 29 U.S.C. § 207.

53. Pursuant to 29 U.S.C. § 216, Defendants are liable to Plaintiff for an amount equal to one and one-half times his regular pay rate for each hour of overtime worked per week.

54. In addition to the amount of unpaid wages owed to Plaintiff, he is also entitled to recover an additional equal amount as liquidated damages pursuant to 29 U.S.C. § 216(b).

55. On information and belief, Defendants' conduct in failing to properly compensate Plaintiff, in violation of the FLSA, was willful.

56. Defendants have not made a good faith effort to comply with the FLSA.

57. Plaintiff has been required to bring this action to recover his overtime compensation, and his statutory liquidated damages, and as the direct and foreseeable result of Defendants' conduct, Plaintiff has incurred costs and attorneys' fees.

## COUNT TWO
## MINIMUM WAGE VIOLATION—A.R.S §§ 23-363, 23-364

58. Plaintiff incorporates and adopts the preceding paragraphs as if fully set forth herein.

59. Pursuant to A.R.S. § 23-363, Defendant was required to pay at least the amount of the Arizona minimum wage, when those wages were due, for each hour Plaintiff worked.

60. Defendant willfully failed and refused to pay Plaintiff at least the amount of the Arizona minimum wage when those wages were due.

61. Plaintiff is entitled to collect the difference between the wages they received and the wages due, in an amount to be proved at trial, together with an additional amount equal to twice the underpaid wages, plus, without limitation, interest, costs, and attorney fees pursuant to A.R.S. § 23-364(G).

62. Plaintiff has been required to bring this action to recover her Arizona minimum wages remaining due and unpaid, and her statutory damages, and as the direct and foreseeable result of Defendant's conduct, Plaintiff has incurred costs and attorneys' fees.

## COUNT THREE
## FAILURE TO PAY WAGES A.R.S. §§ 23-350, 23-355

63. Plaintiff incorporates and adopts the preceding paragraphs as if fully set forth herein.

64. At all relevant times, Plaintiff was an "employee" of Defendants, as defined by A.R.S. § 23-350.

65. Upon information and belief, Defendants failed to pay Plaintiff "wages" (as that term is defined by A.R.S. §23-350) in the form of salary earned during the last pay period he worked for Defendants.

66. Defendant had no good faith basis to withhold the wages earned by Plaintiff.

67. Pursuant to A.R.S. §23-355, Plaintiff is entitled to an award of treble the amount of wages owed.

68. Pursuant to A.R.S. §12-341.01, Plaintiff is entitled to an award of his attorneys' fees and costs incurred in this action.

WHEREFORE, Plaintiff respectfully requests that judgment be entered in his favor against Defendants:

   a. Awarding Plaintiff overtime compensation in the amount due for all of his time worked in excess of forty (40) hours per week at a pay rate equal to one and one-half times Plaintiff's regular rate of pay while at work for Defendants, in an amount proved at trial;

   b. Awarding Plaintiff liquidated damages in an amount equal to the overtime award;

  c. Awarding Plaintiff reasonable attorneys' fees, costs, and expenses of the litigation pursuant to 29 U.S.C. § 216(b);

  d. Awarding Plaintiff treble the amount of unpaid and underpaid wages owed pursuant to A.R.S. §23-355 and §23-364(g).

  e. Awarding Plaintiff pre-judgment interest, at the highest legal rate, on all amounts awarded under subsections (a) and (b) above from the date of the payment due for that pay period until paid in full;

  f. Awarding Plaintiff post-judgment interest, at the highest legal rate, on all awards from the date of such award until paid in full; and Declaring, pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201–02, that the acts and practices complained of herein are in violation of the overtime and wage provisions of the FLSA;

  a. Awarding Plaintiff his reasonable attorney's fees and the costs and expenses of the litigation pursuant to the FLSA; and A.R.S. § 12-341.01.

  b. Awarding Plaintiff taxable costs pursuant to 28 U.S.C. § 1920 and A.R.S. § 12-341.

  c. For such other and further relief as the Court deems just and proper.

Dated: July 11, 2018					Respectfully submitted,

				**PHILLIPS DAYES LAW FIRM PC**

				By: /s/ Trey Dayes
					Trey Dayes
					Sean C. Davis
					Preston Flood
					Attorneys for Plaintiff